# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2026

Lyle W. Cayce
Clerk

———————

No. 25-11159
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANFREDI DIAZ-CUELLAR,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-135-1

———————————————————

Before ELROD, *Chief Judge*, and HIGGINSON and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Manfredi Diaz-Cuellar appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing that the district court unconstitutionally enhanced his sentence under § 1326(b). However, he concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Government has filed an unopposed motion

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-11159

for summary affirmance or, alternatively, for an extension of time to file a brief.

The parties are correct that Diaz-Cuellar's sole argument on appeal is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction'" (citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.